Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff
DANA RUTH LIXENBERG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA RUTH LIXENBERG, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN RAG CIE II, a California Company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

   Plaintiff, DANA RUTH LIXENBERG, by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

1
COMPLAINT

## INTRODUCTION

LIXENBERG is a renowned photographer who has created a remarkable body of work depicting compelling and intimate images. One of LIXENBERG's most celebrated photographs depicts the late recording artists Christopher "Notorious B.I.G" Wallace. This photograph, referenced hereinafter as the "Subject Photograph," has been misappropriated and used without permission by the Defendants, and each of them. These Defendants licensed, created, distributed, marketed and sold product bearing the Subject Photograph, and did so without seeking authorization from LIXENBERG. Indeed, none of the Defendants even advised LIXENBERG of their plot to unlawfully exploit her photographs. This action follows to address the infringement.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. LIXENBERG is an individual residing in the state of New York in the United States.

5. Plaintiff is informed and believes and thereon alleges that Defendant AMERICAN RAG CIE II ("AMERICAN RAG") is a California company with its principal place of business located at 160 S La Brea Ave, Los Angeles 90036.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the

2
COMPLAINT

infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.  Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

8.  LIXENBERG created and owns the Subject Photograph set forth in the table below.

9.  The Subject Photograph has been registered with the United States Copyright Office.

10.  Plaintiff is informed and believes and thereon alleges that Defendants accessed the Subject Photograph and then exploited them without the authorization of Plaintiff. Defendants, and each of them, exploited the Subject Photograph by incorporating same into various products, including without limitation, apparel (collectively the "Accused Product"). A non-inclusive exemplar of the Accused Product is set forth below alongside that of the Subject Photograph that is unlawfully incorporated in the respective Accused Product. This exemplar is not meant to

encompass all Accused Product; the claims made herein are as to any product licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part, the Subject Photograph.

| Subject Photograph | Accused Product |
|---|---|
|  |  |

11. A comparison of the Subject Photograph with the images on the Accused Product reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

12. On information and belief, Plaintiff alleges that AMERICAN RAG was involved in licensing and/or developing the Accused Product, and/or supplying,

distributing, selling, and otherwise providing the Accused Product to third parties, including without limitation, the public.

13. LIXENBERG at no point authorized Defendants, or any of them, to use the Subject Photograph as complained of herein.

14. A cease and desist demand was made to AMERICAN RAG as early as August 28, 2015.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

15. LIXENBERG repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. LIXENBERG is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph in or on LIXENBERG's publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source.

17. LIXENBERG is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Accused Product.

18. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, distributed, marketed and sold product bearing images that are identical to, or substantially similar to, the Subject Photograph.

19. LIXENBERG is informed and believes and thereon alleges that Defendants, and each of them, infringed LIXENBERG's copyrights by licensing the

Subject Photograph and/or creating an infringing work from the Subject Photograph and then distributing and selling the Accused Product to the public.

20. Defendants, and each of them, infringed LIXENBERG's rights by copying the Subject Photograph, and distributing the Accused Product, without LIXENBERG's authorization or consent.

21. Due to Defendants', and each of their, acts of infringement, LIXENBERG has suffered actual, general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of LIXENBERG's rights in the Subject Photograph. As such, LIXENBERG is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

23. LIXENBERG is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

24. LIXENBERG repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. LIXENBERG is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited

from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Specifically, the retailer Defendant transacted with the wholesaler Defendant, and the wholesaler Defendant transacted with its suppliers, in a concerted effort to create, distribute, and sell the Accused Product. And, Defendants, and each of them, realized profits through their respective obtainment, sales and distribution of the Accused Product.

26. LIXENBERG is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant in the supply chain had the ability to oversee the development and distribution of the product as engaged in by the party from which it obtained the Accused Product, or component thereof. And, Defendants, and each of them, realized profits through their respective obtainment, sales and distribution of the Accused Product.

27. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, LIXENBERG has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of LIXENBERG's rights in the Subject Photograph. As such, LIXENBERG is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

29. LIXENBERG is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photograph.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 101, 505, *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 101, 505, *et seq.*;

d. That a trust be entered over all Accused Products, and all profits realized through the sales and distribution of said product;

e. That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: July 21, 2017   By:   <u>*/s/ Scott Alan Burroughs*</u>
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
DANA RUTH LIXENBERG